**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY EASTER, | : | Civil No. 1:26-CV-00675 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN TODD SHOEMAKER, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

**<u>MEMORANDUM</u>**

Before the court is a complaint filed by Timothy Easter ("Plaintiff"), an inmate currently awaiting sentence at the Lycoming County Prison.  (Doc. 1.) Also pending is a supplement to the complaint and two motions to proceed *in forma pauperis*.  (Docs. 4, 5, 7.)  Plaintiff is attempting to gain habeas corpus relief through a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 4.)  The court will grant the motions to proceed *in forma pauperis*, dismiss both the original and supplemental complaints, and close the case.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff in this case is also the defendant in two separate criminal proceedings for multiple counts, including the manufacture, delivery or possession of a controlled substance and prohibited possession of a firearm: *Commonwealth v. Easter*, No. CP-41-CR-0000302-2024 (Lycoming Cnty. Ct. Com. Pls.);

*Commonwealth v. Easter*, CP-41-CR-0001027-2025 (Lycoming Cnty. Ct. Com. Pls.).

On June 13, 2025, the court received and docketed a petition for writ of habeas corpus alleging that there was a conflict of interest with his attorney and the confidential informant, that the officers involved fabricated a false drug guy to gain access to Petitioner, that he was unlawfully detained as the result of an illegal search and seizure, and that officers involved in the case falsified statements. *Easter v. Shoemaker*, No. 1:25-cv-01077-JPW-EW, Doc. 1 (M.D. Pa.).  On August 4, 2025, the court entered an order addressing the petition under 28 U.S.C. § 2241 because Plaintiff was a pretrial detainee and dismissing the petition under *Younger v. Harris*, 401 U.S. 37 (1971) because it involved an ongoing state criminal case. *Id.*, at Docs. 6, 7.

On March 16, 2026, this court received and docketed Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  However, several pages appear to be missing from the complaint.  (*Id.*)  The next day, the court issued an administrative order directing Plaintiff to pay the outstanding filing fee or file an application to proceed *in formation pauperis*.  (Doc. 3.)

On March 20, 2026, the court received and docketed a supplement to the complaint and a motion to proceed *in forma pauperis* with a missing page.  (Docs. 4, 5.)  On March 26, 2026, the court received and docketed a completed motion to

proceed *in forma pauperis*.  (Doc. 7.)  On March 30, 2026, the court received a certified copy of the prisoner trust fund account statement.  (Doc. 8.)

The court will now grant the motions to proceed *in forma pauperis*, screen the complaint, dismiss the complaint, construe the supplement to the complaint as an amended complaint, screen the amended complaint, dismiss the amended complaint, and close the case.

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Lycoming County Prison in Lycoming County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).

### STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions

3

to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109–10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. The Original Complaint Will Be Dismissed.

The complaint names two defendants: (1) Warden Todd Shoemaker; and (2) Lycoming County Prison. (Doc. 1, p. 1.)[1] Plaintiff indicates that he is a convicted, but not yet sentenced state prisoner. (*Id.*, p. 2.) As to any details about the defendants, Plaintiff stated only "Re Stay, Remand." (*Id.*) Plaintiff then signed the complaint dated March 11, 2026. (*Id.*, p. 3.)

This complaint does not "state a claim to relief that is plausible on its face," as required by *Iqbal* and *Twombly.* It provides no alleged facts. Therefore, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. The Supplemental Complaint Will Be Dismissed.

On March 20, 2026, the court received and docketed a civil complaint form completed by Plaintiff. (Doc. 4.) This was filed as a supplement to the complaint, but reads as a full complaint and will be treated as an amended complaint. (*Id.*)

The amended complaint names the same two defendants as the original complaint. (*Id.*, p. 1.) It attempts to raise claims under 42 U.S.C. § 1983. (*Id.*) Again, Plaintiff identifies himself as a convicted, but not yet sentenced state prisoner. (*Id.*, p. 2.) When asked to identify details about the defendants, Plaintiff stated "Re Stay, Remand," and "Re habeas relief." (*Id.*, pp. 2–3.) In the

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF form.

5

complaint, Plaintiff makes it clear that he is seeking habeas corpus relief in his underlying state criminal cases and is re-raising the same claims he raised in his 2025 habeas corpus petition.  (*Id*., pp. 7–12.)

Plaintiff is not permitted to simply reclassify his dismissed habeas corpus petition as a Section 1983 civil rights complaint to prevent sentencing in his underlying state criminal convictions.  The Third Circuit has made abundantly clear that there is a division between claims under Section 1983 and habeas corpus:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect.  Habeas relief is clearly quite limited: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'"  *Powers of Congress and the Court Regarding the Availability and Scope of Review,* 114 Harv. L.Rev. 1551, 1553 (2001).  Section 1983, in contrast, provides for liability on the part of any state actor who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

*Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002).  Therefore, Plaintiff's Section 1983 civil rights complaint seeking habeas corpus relief must be dismissed.

To the extent that Plaintiff's complaint can generously be construed as raising constitutional claims against the state actors who are involved in his underlying criminal conviction, such claims would be dismissed under the Supreme Court's rationale in *Heck v. Humphrey*:

6

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 487–88 (1994) (emphasis in original).  Therefore, even a generous reading of the complaint will result in its dismissal.

### CONCLUSION

The court will grant Plaintiff's motions to proceed *in forma pauperis*. However, Plaintiff cannot recategorize his previous petition for writ of habeas corpus as a civil rights complaint.  Therefore, the court will dismiss the complaint and dismiss the amended without prejudice to Plaintiff bringing constitutional challenges against those involved in his underlying sentence and conviction following a reversal of that conviction or sentence under *Heck*.

An accompanying order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 30, 2026